## STOKELY v. READER et al.

(District Court, S. D. Florida. March 31, 1926.)

No. 405.

Removal of causes ⊖=46—Suit to set aside deeds held not removable by nonresident defendant, through whom alleged invalid title passed, on the ground of separable controversy.

A suit to set aside deeds and to vest title to the property in complainant is not removable by a nonresident defendant, who was one of the parties though whom the alleged invalid title passed, where the other defendants are citizens and residents of the state.

In Equity. Suit by Wells R. Stokely, by his next friend, against Ella R. Reader and others. On motion to remand to state court. Motion granted.

John W. Dodge, of Jacksonville, Fla., for complainant.

P. Guy Crews, of Jacksonville, Fla., for defendants.

CALL, District Judge. The bill of complaint in this cause was filed by the complainant, by his next friend, in the circuit court for St. Johns county, against the defendants, three of whom are residents and citizens of said county and state, and one, Mrs. Way, a citizen and resident of the state of Ohio. Mrs. Way filed in due time a petition to have the cause removed from the state court to this court, and the order of removal was made by one of the judges of the state court. The plaintiff moved this court to remand the cause to the state court. The cause was heard upon the motions of the defendants to dismiss the bill.

The first question this court must decide is the jurisdiction of the court. The only ground upon which the removal can be justified is upon the ground that the cause is a separable controversy, existing wholly between citizens of different states, and this question must be determined from the pleadings in the case.

The main object of the bill is to declare certain deeds null and void, and to declare the title to the property described therein vested in the complainant. It prays for other relief, it is true, but such relief is auxiliary to the main relief sought. Mrs. Way, the nonresident defendant, upon whose petition the cause was removed, is alleged to be the grantee in one and the grantor in another of the deeds sought to have been declared null and void. All the other defendants and the complainant are residents and citizens of the state of Florida. The

cause of action made by the bill of complainant cannot, it seems to me, be wholly decided without the presence of the other defendants to the cause. The title to the property of the defendants, with the exception of one, the clerk of the court, who is the recording officer of the county, and is a party only for the purpose of the order sought, is derived from the common source, and their interests, in so far as the cause made by the bill is concerned, are joint. Because the defenses which each may interpose are separate as to each of them does not make a separable cause of action, and this must exist before the cause is removable from the state court.

I am therefore of opinion that the motion to remand must be granted. It will be so ordered.